UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DESIRAE DENICE GRISSOM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV1218 RWS |
| ) | |
| WALGREENS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Plaintiff Desirae Grissom, an African American woman, alleges in her pro se complaint that she has been subjected to employment discrimination by Defendant Walgreens. She asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. for retaliation and for a failure to promote. Walgreens has moved to dismiss Grissom's case asserting that Grissom failed to provide sufficient facts in her complaint to state a claim for relief.

In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to Plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formalistic recitation of elements of a cause of action will not do." Id. (internal quotations ommitted). To survive a motion to dismiss a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 555.

"A document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (internal quotations and citations omitted).

Grissom filed her claims on a form complaint. Her complaint alleges that she was discriminated on the basis of race. Her grounds of discrimination are retaliation and a failure to promote. In the narrative section of the complaint Grissom states that she made complaints to her manager about a co-worker. When no action was taken she utilized Walgreen's "Open Door Policy" and contacted "Loss Prevention" about her complaint. Grissom alleges that after she contacted Loss Prevention her work hours were cut.

Walgreens filed a motion to dismiss this case asserting that Grissom's complaint fails to assert the threshold information necessary to assert a claim. Walgreens correctly points out that the complaint does not identify Grissom's race or the race of the co-worker or of the manager who cut her hours. Nor does the complaint state how any of Walgreens' actions (or inaction) was racially motivated.

However, Walgreens overlooks or ignores the fact that Grissom attached a copy of her EEOC charge to her complaint. Under Rule 10(c) of the Federal Rules of Civil Procedure, a "copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." The EEOC charge attached to a pro se litigant's complaint is considered part of the complaint. Groves v. Ornberg, 2002 WL 535086, 2 (D. Minn., 2002).

In her EEOC charge Grissom clearly identifies her race and the race of the Walgreens' employees involved in this matter. She states that a white co-worker harassed her and another African American worker. Grissom's charge asserts that when she complained of this behavior

to her managers and to Walgreens' human resources department her work hours were cut.

I find that these allegations sufficiently put Walgreens on notice of Grissom's retaliation claim. However, a liberal reading of Grissom's complaint and EEOC charge does not reveal any facts that would support Grissom's claim based on a failure to promote. As a result I will grant Walgreen's motion to dismiss as to that claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Walgreens' motion to dismiss [#12] is granted in part and denied in part. The motion to dismiss Plaintiff's retaliation claim is denied. The motion to dismiss Plaintiff's failure to promote claim is granted.

**IT IS FURTHER ORDERED that** the Rule 16 scheduling conference set on November 28, 2012 will be reset to allow time for the parties to discuss and submit a joint proposed scheduling order. The Rule 16 scheduling conference is reset to be held on **December 4, 2012 at 11:30 a.m.** in Courtroom 16 South. Defendant Walgreens counsel shall file the joint proposed scheduling plan no later than **November 30, 2012**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 21st day of November, 2012.